Kimberly A. Wright, Esq. (265899)
**REVOLVE LAW GROUP LLP**
2601 Main Street, Suite 1200
Irvine, CA 92614
T: 833-775-4557
F: 888-711-7710

Attorneys for Defendant,
Fast Advance Funding LLC

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. DOYLE,<br><br>            PLAINTIFF,<br>vs.<br><br><br>FAST ADVANCE FUNDING LLC,<br><br>            DEFENDANTS. | Case No.: 2:18-CV-5412-DMG-FFM<br>Hon. Dolly M. Gee<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Fast Advance Funding LLC ("Defendant"), through its counsel Revolve Law Group LLP, hereby answers the Complaint of Plaintiff David M. Doyle ("Plaintiff") as follows:

### Introduction

1. The allegations of paragraph 1 of the Complaint speak for themselves, and reference to the Complaint is made for the precise language therein. Defendant denies the allegations in paragraph 1 of the Complaint to the extent they are not

supported by the allegations in the Complaint and to the extent they assert any wrongdoing on the part of Defendant.

2. Defendant denies the allegations in paragraph 2 of the Complaint.

3. The allegations in paragraph 3 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations in paragraph 3 of the Complaint.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant denies the allegations in paragraph 5 of the Complaint.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

### Jurisdiction and Venue

7. The allegations in Paragraph 7 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 8 of the Complaint.

### Parties

9. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies same.

10. The allegations in paragraph 10 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 10 of the Complaint.

//

REVOLVE LAW GROUP LLP
2601 Main Street., Suite 1200
Irvine, California 92614

## Background

## The Telephone Consumer Protection Act

11. The allegations contained in paragraph 18 of the Complaint contain what Plaintiff purports to be the legislative intent of and quotes from the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA"). As such, Defendant refer to the TCPA, the contents of which speaks for itself, and deny the allegations contained in paragraph 18 to the extent they differ from or contradict the TCPA.

12. The allegations contained in paragraph 19 of the Complaint contain what Plaintiff purports to be the legislative intent of and quotes from the regulation 47 C.F.R. § 64.1200(c)(2). As such, Defendant respectfully refer to 47 C.F.R. § 64.1200(c)(2), the contents of which speaks for itself, and deny the allegations contained in paragraph 12 to the extent they differ from or contradict 47 C.F.R. § 64.1200(c)(2).

13. The allegations in paragraph 13 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 13 of the Complaint. As such, Defendant respectfully refer to the statute and/or Regulations referenced by Plaintiff, the contents of which speaks for itself, and deny the allegations contained in paragraph 13 to the extent they differ from or contradict the opinion.

14. The allegations in paragraph 14 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 14 of the Complaint. Defendant respectfully refer to the statute referenced by Plaintiff, the contents of which speaks for itself, and deny the allegations contained in paragraph 14 to the extent they differ from or contradict the opinion.

15. The allegations in paragraph 15 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions,

16. The allegations in paragraph 16 of the Complaint contain conclusions of law to which no response is required. To the extent such allegations are not legal conclusions, Defendant deny allegations the allegations of paragraph 16 of the Complaint. The allegations in paragraph 14 also contain what Plaintiff purports to be quotes from the matter <u>In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>. As such, Defendant respectfully refer to the statute referenced by Plaintiff, the contents of which speaks for itself, and deny the allegations contained in paragraph 16 to the extent they differ from or contradict the opinion.

### **Factual Allegations**

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits the allegations contained in paragraph 18 of the Complaint.

19. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and on that basis denies same.

20. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, and on that basis denies same.

21. Denied. Defendant avers on information and belief that Plaintiff uses said telephone line for business purposes also.

22. Denied as stated. Defendant denies that it called said telephone number on March 20, 2018. Instead Defendant's records indicate that an accepted telephone call was made March 26, 2018.

23. Denied as stated.

24. Denied as stated. Defendant's records indicate the March 26, 2018 call lasted three minutes fifty seconds.

25. Defendant lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies same.

26. Denied as stated. Defendant's records indicate the March 26, 2018 call lasted three minutes fifty seconds.

27. Denied as stated.  Defendant's records indicate the subsequent call made was March 27, 2018.

28. Denied as stated. Defendant's records indicate the single March 26, 2018 call lasted three minutes fifty seconds.

29. Denied as stated. Defendant's records indicate the single March 26, 2018 call lasted three minutes fifty seconds.

30. Admitted in so far as Steve Marucci spoke with Defendant who did express interest in product.

31. Admitted in so far as Steve Marucci spoke with Defendant who did express interest in product.

32. Admitted in so far as Steve Marucci spoke with Defendant who did express interest in product.

33. Denied as stated, Defendant avers that Plaintiff's expression of interest was specific and firm enough to constitute the solicitation for further communication from Defendant.

34. Answering Defendant is without knowledge to affirm or deny Plaintiff's factual allegations, however, Defendant denies Plaintiff's characterization of the alleged legal precedent.

35. Denied as stated. Defendant avers that Plaintiff's past communication with Fast Advance Funding constituted explicit or implicit permission for further communication. The time of said call is admitted.

36. Defendant is without information to affirm or deny.

37. Denied. It is denied that Defendant made a call at or about said time.

38. Denied. It is denied that Plaintiff expressed the desire to cease communication with Defendant.

39. Defendant admits that Plaintiff did receive additional call.

40. Denied. Defendant avers that Plaintiff gave express consent for additional call.

41. Denied. Defendant avers that Plaintiff gave explicit consent for additional calls.

42. Admitted.

43. Admitted.

44. Denied as stated. Defendant avers that Plaintiff's communication was essentially a request for statutory damages under the TCPA, much like those routinely received from professional TCPA litigants.

45. Statement of a regulation which speaks for itself, to the extent Plaintiff attempts to define or interpret said regulation, the contents of paragraph 45 are denied.

46. Denied as stated. Defendant avers that Plaintiff's communication was essentially a request for statutory damages under the TCPA, much like those routinely received from professional TCPA litigants.

47. Statement of a regulation which speaks for itself, to the extent Plaintiff attempts to define or interpret said regulation, the contents of paragraph 47 are denied.

48. Denied as stated.

49. Denied.

50. Denied in so far as Plaintiff attempts to define TCPA.

51. Denied. It is denied that Plaintiff in anyway suffered damages.

52. Denied. It is denied that Plaintiff received 13 unsolicited sales calls or that Plaintiff suffered any damages.

## Causes of Action

### First Cause of Action

(Negligent Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227, *et seq*.)

53. Defendant repeats and reallege the responses in the foregoing paragraphs as though fully set forth herein.

54. Defendant denies the allegations in paragraph 53 of the Causes of Action set forth in the Complaint.

55. Defendant deny that Plaintiff is entitled to injunctive as requested in paragraph 55 of the Causes of Action set forth in the Complaint.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227, *et seq*.)

56. Defendant repeats and reallege the responses in the foregoing paragraphs as though fully set forth herein.

57. Defendant denies the allegations in paragraph 57 of the Causes of Action set forth in the Complaint.

58. Defendant deny that Plaintiff is entitled to injunctive as requested in paragraph 58 of the Causes of Action set forth in the Complaint.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/Sales Text/DNC" Prohibition, 47 U.S.C. § 227, *et seq*.)

//

59. Defendant repeats and reallege the responses in the foregoing paragraphs as though fully set forth herein.

60. Defendant denies the allegations in paragraph 60 of the Causes of Action set forth in the Complaint.

61. Defendant deny that Plaintiff is entitled to injunctive as requested in paragraph 61 of the Causes of Action set forth in the Complaint.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Sales Call/Sales Text DNC" Prohibition, 47 U.S.C. § 227, *et seq*.)

62. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

63. Defendant denies the allegations in paragraph 63 of the Causes of Action set forth in the Complaint.

64. Defendant deny that Plaintiff is entitled to injunctive as requested in paragraph 64 of the Causes of Action set forth in the Complaint.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200, *et seq*.)

65. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

66. Defendant denies the allegations in paragraph 66 of the Causes of Action set forth in the Complaint.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200, *et seq*.)

67. Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

68.   Defendant denies the allegations in paragraph 68 of the Causes of Action set forth in the Complaint.

### Seventh Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement,

47 CFR 64.1200, *et seq*.)

69.   Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

70.   Defendant denies the allegations in paragraph 70 of the Causes of Action set forth in the Complaint.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA "Do-Not-Call List" Requirement,

47 CFR 64.1200, *et seq*.)

71.   Defendant repeats and realleges the responses in the foregoing paragraphs as though fully set forth herein.

72.   Defendant denies the allegations in paragraph 72 of the Causes of Action set forth in the Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Complaint and awarding reasonable attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies, Defendant assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by any act, error, or omission of Defendant as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff, which are expressly denied, were caused, in whole or in part, by the affirmative wrongdoing, negligence, want of care, omissions, or other culpable conduct of Plaintiff and such persons other than Defendant, without the affirmative acts of Defendant contributing thereto, and as a consequence thereof, Plaintiff's damages, if any, should be reduced or barred accordingly.

### FOURTH AFFIRMATIVE DEFENSE

Any injuries were caused, in whole or in part, by the negligence or other culpable conduct of third parties over which Defendant have no control or right of control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's own negligent, reckless, willful, and/or wanton conduct contributed to his alleged damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with applicable provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, and is entitled to each and every defense afforded to it by that statute. Specifically, if Defendant committed any violation of the TCPA, which is denied, it was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

//

//

//

## EIGHTH AFFIRMATIVE DEFENSE

No acts or omissions by Defendant were an actual cause, legal cause, contributing cause, substantial factor, or proximate cause with respect to the damages, if any, sustained by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were not due to any breach of duty by Defendant.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has agreed not to sue or has compromised, settled, or otherwise reached some arrangement with any other party, then such is a complete bar to this action as satisfaction thereof. In the alternative, should the Court find this not to be a bar, the jury should be advised of the agreements of Plaintiff and any monetary amounts involved so that Defendant can be credited with or receive an offset for said amounts Plaintiff has already received so as to prevent "double recovery" by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks punitive damages in this case, any such damages must be based upon a finding of intentional, malicious, reckless, and/or conscious criminal misconduct by Defendant and Plaintiff cannot meet this burden. Any award of punitive damages based upon a lesser standard would be a violation of Defendant' right to due process of law under both the Pennsylvania and United States Constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statue(s) of limitations or repose, and/or by the equitable doctrine of laches, waiver, and estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The complaint and each cause of action contained therein are barred because Plaintiff provided prior express consent, through an established business relationship or otherwise, that he be called on his cell phone number.

**FIFTEENTH AFFIRMATIVE DEFENSE**

With regard to some of the calls made by Defendant, the subject telephone system did not employ the use of a prerecorded or artificial voice under the TCPA.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under the TCPA.  47 U.S.C. § 227(C)(5).

**SEVENTEENTH AFFIRMATIVE DEFENSE**

The complaint and each cause of action contained therein may be barred as to any alleged cell phone calls received by plaintiff where the calls were not charged to him (e.g., unlimited cell phone plans).  See, e.g., 47 U.S.C. §227(b)(2)(C).

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff consented to the acts and events set forth in the complaint.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant hereby reserve the right to supplement their affirmative defenses at any time prior to trial.

Dated: July 13, 2018        **REVOLVE LAW GROUP LLP**

By: __/s/ *Kimberly A. Wright* ____
Kimberly A. Wright
Attorneys for Defendant Fast Advance Funding LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Kimberly A. Wright*

Kimberly A. Wright