David M. Doyle, Plaintiff pro se
710 S. Myrtle Ave, Suite 257
Monrovia, CA 91016
626-524-4255
Davedoyle9@gmail.com

Kimberly Wright, Esq (SBN: 265899)
Revolve Law Group, LLP
2601 Main Street, Suite 1200
Irvine, CA 92614
833-775-4557 #2
kimberly@revolvelawgroup.com

Attorneys for Defendant:
Fast Advance Funding, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DAVID DOYLE, an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>FAST ADVANCE FUNDING, LLC, a Pennsylvania limited liability company,<br><br><br>　　　　　Defendant, | Civil Case No.: 18-CV-5412-DMG(FFMx)<br><br>Assigned to: Hon. Dolly M. Gee<br><br>**PARTIES' JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN** |

　　　　Pursuant to this Court's July 16, 2018 Order and Rules 26(f) and 16(b) of the Federal Rules of Civil Procedure, Plaintiff David M. Doyle (herein "Plaintiff" or "Doyle") and counsel for Defendant Fast Advance Funding, LLC, Revolve Law

Group LLP, have conferred regarding discovery in the above-captioned cases and hereby jointly submit this Joint Rule 26(f) Conference Report and Discovery Plan.

## I. RULE 26(f) CONFERENCE

On July 31, 2018 the counsel for Defendant Fast Advance Funding LLC and Plaintiff, in pro per, conducted their Rule 26(f) conference. During the collegial and productive telephonic meeting, counsel and Plaintiff discussed the matters set forth in Rule 26, the Local Rules and this Court's Order Scheduling Meeting of Counsel.

## II. JOINT REPORT

### A. Nature and Basis of Claims and Defenses.

#### 1. Plaintiff's Statement of the Case.

Plaintiff is informed and believes, and thereon alleges, that beginning in or around January 2018, Defendant Fast Advance Funding, LLC, called Plaintiff on his cellular telephone 626-524-4255 in an attempt to solicit Plaintiff to purchase merchant cash advance and other loan services of the defendant. Defendant is not licensed to sell loans of any kind in California.  Plaintiff requested a copy of Fast Advance Funding's DNC policy in writing via email reply to Steve Marucci.  None has been provided. Plaintiff had not given Defendant his prior express consent to receive calls and did not have a prior established business relationship with Defendant or its agents. Defendant's calls were placed via an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1). Plaintiff incurs charges for his cellular telephone number for incoming calls pursuant to 47 U.S.C. § 227(b)(1).  Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A). Plaintiff alleges on behalf of himself that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

Plaintiff's cellular telephone number was added to the National Do-Not-Call-

Registry on or around May 2017, more than 31 days prior to the start of Defendants illegal calls. Thus, Defendant's calls to Plaintiff violated the National Do-Not-Call ("DNC") provisions of the TCPA. Upon information and belief and Plaintiff's own experiences, Plaintiff alleges that Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5). Plaintiff alleges on behalf of himself that Defendant violated the National DNC Provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

Plaintiff alleges that Defendant recorded the telemarketing calls without disclosure of the recording in violation of Penal Code §632.7 and §637.2. No warning was given. Confidential information was provided to Defendant by Plaintiff. Plaintiff has a reasonable expectation of privacy. There was no audible beep during the conversation. Plaintiff would not have and did not consent to being recorded.

Plaintiff alleges that Defendant used the wires of the United States, via email and via telephone, to engage in a scheme or plan to defraud Plaintiff and to violate 47 USC §501 and §227. Defendant has been recently been sued twice for civil racketeering and an additional two times for TCPA violations.
Plaintiff alleges that Congress has made a finding that telemarketing calls are annoying and harassing. Plaintiff alleges that any reasonable person would find any and all telemarketing calls to be annoying and harassing.

**2.      Defendant's Statement of the Case.**

Defendant denies they violated the TCPA and denies that Plaintiff is entitled to any relief sought in this action. Defendant has already filed an Answer and as such, those legal defenses are set forth in greater detail in their Answer and Affirmative Defenses.

**B.    Legal Issues.**

Whether Defendant called Plaintiff using an automatic telephone dialing system as defined in 47 U.S.C. § 227;

Whether Defendant called Plaintiff using a prerecorded voice;

Whether Defendant had prior express consent to call Plaintiff using an automatic telephone dialing system;

Whether Defendant's calls were for the purposes of telemarketing;

Whether Defendants failed to establish reasonable procedures for compliance with the Do-Not-Call Provisions of the TCPA, 47 U.S.C. § 227(c);

Whether Defendants violated 47 USC §501;

Whether Defendant engage in wire fraud by misusing the telephone;

Whether Defendant in registered to do business in California;

Whether Defendant is registered as telemarketers with the California Department of Justice;

Whether Defendant is paying taxes to the State of California on its earnings and profits;

Whether Defendant made extortionate threats to Plaintiff;

Whether Defendant is using the wires of the US to perpetrate criminal activity and commit crimes;

Whether Defendant ran a racketeering enterprise;

Whether Defendant recorded telemarketing calls with or without permission or consent.

The total number of calls "made" within the meaning of the TCPA;

Whether an ATDS was used to make the calls at issue;

Whether Defendant made calls to Plaintiff's cell phone by ATDS without consent under the TCPA;

Whether Plaintiff made an appointment for services with Defendant to induce more telephone calls to be made by Defendant, if any;

Whether Plaintiff's communication to Defendant constituted consent for further calls;

Whether Defendant recorded telephone calls with or without permission or consent;

Whether Defendant's conduct was willful.

### C. Parties, Evidence, etc.:

For evidence, Plaintiff identifies himself and Defendant's Person Most Knowledgeable regarding the equipment used to place calls to Plaintiff, as well as Defendant's policies and procedures regarding outbound calls made to Plaintiff. Anthony Gibson, Khalif Woodard, Patrick M. Tomlinson, Michael Sotomayor, Josie Renee Maclin, Jabulani, Peter J. Padovano, Anthony Fazio, Steve Marucci, Anthony Zingerelli, Daniel Natuzzi are key witnesses and employees of Fast Advance Funding.  Key documents include: documentation regarding the alleged autodialer campaign conducted by Defendant; documentation regarding Defendant's outbound dial list generated by any predictive dialer or ATDS to cell phones; documentation regarding cellular phone numbers that have provided prior express consent to receive calls from Defendant; the Plaintiff's phone records; documentation regarding the usage of Defendant's ATDS; and documentation regarding Defendant's implementation of policies and procedures to comply with the National DNC regulations.

### D. Damages

Pursuant to 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B), and for himself $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C). Pursuant to 47 U.S.C. §227(c)(5), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5)(B), and for himself $1,500.00 in

statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5)(C). The realistic range of probable damages is difficult to calculate in light of the allegations.  For $5,000 per recorded call per California Penal Code §632.7 and §637.2.  For punitive and exemplary damages necessary to send a message to all telemarketers that calling cell phones on the DNC registry is not worth it and to obey the TCPA.

E. **Discovery Plan / Initial Disclosures / Discovery Cutoff:**

1. **Motions**

Plaintiff does anticipate motions to add claims or parties, or to amend the pleadings as ordered or permitted by the Court.  Plaintiff expects to have to file motions to compel discovery and to force Defendant to attend depositions in the Central District.

Defendant anticipates filing a motion for summary judgment and discovery motions, if any.

2. **Status of Discovery and Discovery Plan.**

The Parties have agreed to exchange initial disclosures on or before August 31, 2018. The Parties propose the dates outlined in the attached Exhibit A for all other deadlines. The Parties will also discuss any issues regarding electronic discovery as they arise.

The Parties do not believe that any changes should be made at this time to the limitations on discovery imposed under the federal or local rules and do not believe that discovery should be conducted in phases. However, the Parties reserve their right to request modifications in the future, if necessary.

Plaintiff has propounded a Request for Production of Documents on Defendant Fast Advance Funding, LLC. Plaintiff intends to propound requests for admission, interrogatories, and requests for production, as well as inspection for e-discovery.  Plaintiff intends to depose Defendant as well as their staff and lead

brokers.

Defendants have not yet initiated Discovery but intends to do so within the schedule outlined in Exhibit A. Following completion of the initial round of written discovery and the production of documents by both parties, Defendant intends to depose Plaintiff.

**3.     Discovery Specifics.**

Plaintiff does not believe that discovery should not be conducted in phases or limited except as provided by the Federal Rules of Civil Procedure.

<u>Plaintiff</u>: Plaintiff's written discovery will consist of interrogatories, requests for production, and requests for admissions. Plaintiff needs discovery on the following subjects: Defendant's policies and procedures for conducting the alleged autodialer campaign; Defendant's outbound dial list generated by a predictive dialer or ATDS to cell phones; Defendant's policies and procedures regarding cellular telephone numbers and tracking consent; Defendant's policies and procedures regarding the usage of Defendant's ATDS; and Defendant's policies and procedures for complying with the National DNC regulations. Plaintiff also intends to depose the Defendant's PMK.   Plaintiff will depose Anthony Gibson, Khalif Woodard, Patrick M. Tomlinson, Michael Sotomayor, Josie Renee Maclin, Jabulani, Peter J. Padovano, Anthony Fazio, Steve Marucci, Anthony Zingerelli, Daniel Natuzzi and others.

<u>Defendant</u>: Defendant anticipates that discovery will be needed on the following subjects: (1) the facts alleged in the Complaint, including subject areas which arise from the facts alleged in the Complaint; (2) Defendant's defenses; and (3) Plaintiff's damages. Defendant intends to depose Plaintiff and any other witness identified during discovery that possess knowledge of Plaintiff's factual

**4.     Settlement/Alternative Dispute Resolution.**

Parties are currently engaged in early discussions about the facts and issues in the case. Plaintiff is not amenable to engaging in private mediation.  Plaintiff has

expressed a strong desire to take this case to trial based on the evidence. Plaintiff will participate in good faith in any settlement conferences ordered by the Court. Defendant is amenable to dispute resolution via mediation or court ordered arbitration.

Plaintiff has already made an offer to settle which is under consideration by Defendant.

Dated this 10th day of August, 2018

David M. Doyle, Plaintiff

_____/s/ David M. Doyle_____

Dated: August 10, 2018        REVOLVE LAW GROUP, LLP

By: /s/ Kimberly A. Wright
KIMBERLY WRIGHT, ESQ
Attorneys for Defendant Fast Advance Funding

# CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Kimberly A. Wright*

Kimberly A. Wright